JEPTHA NICKERSON *versus* SAMUEL HOWARD.

If there was a clerk of a company of militia in office at the time a penalty was incurred by a private by non-appearance at a company training, but he had ceased to be clerk before an action for the recovery of the fine could be commenced, and no person had been appointed in his place at the proper time for the institution of a suit, the action should be brought in the name of the commanding officer of the company.

Where the ensign of a militia company has had the actual command thereof for one year by virtue of his authority as such ensign, and in pursuance of a special order for the purpose from the colonel of the regiment to which the company belonged, and no one has appeared to interfere with him in such command, it furnishes no valid excuse to a private for refusing submission to such ensign as commander of the company, and absenting himself from a company training, if such private can prove, that the proceedings of a court martial, by the sentence of which the captain of that company had been removed from office, were illegal and void.

THIS was a writ of error brought by Nickerson to reverse a judgment against him of the police justice of the city of Bangor, in a suit commenced by Howard, as ensign and commanding officer of a company in which Nickerson was liable to do militia duty, to recover a fine for non-appearance at a May training.   At the time of the training there was a clerk of the

company in office, who had ceased to be such, without having commenced any process, before the suit was instituted.

Several errors were assigned, of which the only two considered by the Court are found in the opinion.

*D. T. Jewett,* for Nickerson, on the first point, contended, that the commanding officer of the company, whoever he might be, could not maintain an action in his own name, as there was a clerk at the time the fine accrued. If he resigned, another should have been appointed, who should have brought the suit. Stat. 1834, c. 121, § 45; Stat. 1837, c. 276, § 3, 9; *Taylor* v. *Smith,* 18 Maine R. 288.

It was contended, that Howard had no right to command the company, because there was a captain legally in office. The reason for this conclusion was, that the proceedings of a court martial, by means of which he had been considered as removed from office, were illegal and void. Much learning was brought to the attention of the Court on this subject by the counsel for the respective parties.

*Prentiss,* for Howard, said that the clerk could not have commenced the action, for he was out of office before the time had expired, after the training, that was allowed for settlement or excuse, before a suit could be commenced. The right of action did not accrue until that time had expired. By the statute of 1834, no one can bring an action, as clerk, unless he was clerk at the time the suit is commenced. If there is no clerk at the proper time to commence the suit, it must be brought by the commanding officer of the company. The militia act of 1837 makes no change of the law in this respect.

It was also contended, that there was sufficient legal evidence, that the captain of the company had been removed by the sentence of a court martial; and that those proceedings were legal.

But, however that may be, Howard was bound to obey the orders of his colonel, and take command of this company; and could not raise questions as to his superior officers, when they did not come forward to claim the command. *Lowell* v. *Flint,* 20 Maine R. 401.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is a writ of error, brought to reverse the judgment of the judge of the police court, of the city of Bangor. The first error assigned, and relied upon in argument, is, that the action, in which the judgment was rendered, was instituted by the plaintiff therein, to recover a fine against the plaintiff in error, incurred, if ever, while there was a clerk of the company, in not attending a company training, in which the supposed offence consisted, actually in office; and, although that clerk had resigned before the penalty could have been sued for, yet that action was commenced by the plaintiff therein as commander of the company before a new clerk had been appointed. In this we think there was no error. By the statute of 1834, c. 121, § 45, it is provided, "if there be no clerk to prosecute as aforesaid, the captain, or commanding officer of the company, shall prosecute for said fines." This provision is comprehensive and explicit. How the vacancy in the office of clerk occurred would seem to be immaterial. Whether the offence occurred or not, while there was a clerk in office, would seem to be equally immaterial. If at the time the suit was required to be commenced, the office were found vacant, the commanding officer was bound to commence the suit. Nor does the act of 1837, c. 276, abrogate or affect this provision. Sections 3 and 9 of that act merely make further provisions in reference to the collection of fines; and is in addition to the act of 1834, and in its provisions for the collection of fines is not inconsistent with that act.

The second error assigned, and relied upon in argument, is, that the defendant in error was not the commandant of the company, and therefore could not sue for the fine. It appears that he was the ensign of the company, duly elected and qualified, and, for a year previous to the commission of the offence, had commanded the company by virtue of his authority as such ensign; and in pursuance of a special order for the purpose from the colonel of the regiment, to which the company belonged; and no one appeared to interfere with him in such command. The order of the colonel could not be

disobeyed without the hazard of being punished for such disobedience. Obedience to superiors in the military line is one of the first duties. The colonel was to be presumed to have good reasons, whether he condescended to assign them or not, for his mandate. The defendant in error finding no officer superior in rank to himself, offering to command the company, would clearly have been inexcusable, if he had hesitated in his obedience. And no private in the company, certainly, after the defendant had so exercised the command for over a year, could be excusable for refusing submission to him as such commandant.

We dismiss from our consideration whatever was introduced at the trial, in reference to the court martial, convened to try the former captain of said company, and in reference to the discharge of the former lieutenant thereof, as having been irrelevant.

This brings us to the conclusion, that there was no error in the proceeding or judgment of the Court below ; and the judgment there is affirmed ; with costs for the defendant in error in this Court.